```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF GEORGIA
                   ATLANTA DIVISION
```

```
DARETTA SOMERVILLE              :
                                :
     Petitioner-Defendant,       :     CIVIL ACTION
                                :
v.                              :     NO. 1:13-CV-2521-WSD
                                :
JAMCO PROPERTIES, INC.,         :
d/b/a The Village at Wesley     :
Chapel                          :
                                :
     Respondent-Plaintiff.      :
```

### ORDER, FINAL REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

### I.
### Introduction

The above-styled case is a dispossessory proceeding originally filed in the Magistrate Court of DeKalb County that Petitioner, proceeding pro se, is seeking to remove to federal court under 28 U.S.C. § 1446. This matter is presently before the Court on Petitioner's application to proceed in forma pauperis, [Doc. 1], and "Notice of Petition and Verified Petition For Warrant Of Removal," [Doc. 1-1]. The undersigned notes that Petitioner has failed to provide some of the information requested on the affidavit of indigency. [Doc. 1 at 5, 7, 9]. Nevertheless, upon consideration, Petitioner's motion to proceed in forma pauperis is hereby **GRANTED** for the purpose of dismissal. Because the Court does not have original jurisdiction over the claim made in state court, the

undersigned **RECOMMENDS** that the action be **DISMISSED** and **REMANDED** to the Magistrate Court of DeKalb County pursuant to 28 U.S.C. § 1447(c).

## II.
## Discussion

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." § 1447(c).

In removal cases, the party seeking removal has the burden to demonstrate that federal subject matter jurisdiction exists, Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1281 n.5 (11th Cir. 2001), and "uncertainties are resolved in favor of remand." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. Absent diversity of citizenship, federal-question jurisdiction is required." Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429 (1987).

2

For federal-question jurisdiction to exist, the complaint must present a claim "arising under the Constitution, laws, or treaties of the United States." § 1331.

> The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.

Caterpillar, 482 U.S. at 392, 107 S. Ct. at 2429 (citation omitted). Potential defenses involving the Constitution or laws of the United States are ignored. Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6, 123 S. Ct. 2058, 2062 (2003). In addition, a counterclaim cannot serve as the basis for federal-question jurisdiction. Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 831, 122 S. Ct. 1889, 1894 (2002).

Petitioner's "Notice of Petition and Verified Petition For Warrant Of Removal" contains few factual allegations, but it appears that Respondent relied exclusively on state law in filing the dispossessory action in the DeKalb County Magistrate Court. Petitioner alleges that she "was discriminated upon"; that she "tendered payment to [Respondent] and cashed [sic] as payment for the property in question"; and that Respondent does not "own the property of the debtor's Mortgage and Note." [Doc. 1-1 at 5].

3

Dispossessory proceedings are typically matters of state law, and Petitioner has not alleged that Respondent brought the action before the DeKalb County Magistrate Court under any federal statute. Although Petitioner alleges that Respondent violated criminal law provisions of 18 U.S.C. §§ 241 and 242, [Id.], a case may not be removed to federal court on the basis of a federal defense, see Caterpillar, 482 U.S. at 393, 107 S. Ct. at 2430, or on the basis of a federal counterclaim, see Vornado, 535 U.S. at 831, 122 S. Ct. at 1894.

Thus, absent a federal question presented on the face of Respondent's well-pleaded complaint or evidence that warrants the application of an exception to the well-pleaded complaint rule, Petitioner cannot properly remove the action on the basis of federal-question jurisdiction. Caterpillar, 482 U.S. at 393, 107 S. Ct. at 2430; see also Wachovia Mortg. Assoc. v. Lee, No. 1:11-cv-304-TWT-RGV, 2011 WL 976629 (N.D. Ga. Feb. 4, 2011) (remanding dispossessory action to state court for lack of subject matter jurisdiction); Bank of N.Y. v. Wilson, No. 1:08-cv-332-TWT, 2008 WL 544741 (N.D. Ga. Feb. 25, 2008) (same); HSBC Mortg. Servs., Inc. v. Cunningham, No. 1:07-cv-2480-WSD-JFK, 2007 WL 3005337 (N.D. Ga. Oct. 12, 2007) (same).

Furthermore, there is no basis for diversity jurisdiction because Petitioner indicates on the civil cover sheet that she is

a citizen of Georgia. [Doc. 1-2 at 1]. <u>See</u> 28 U.S.C. § 1441(b) ("Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").

### III.
### Conclusion

For the reasons discussed above, the undersigned finds that this Court lacks subject matter jurisdiction under 28 U.S.C. § 1441. Accordingly, **IT IS RECOMMENDED** that this case be **DISMISSED** and **REMANDED** to the Magistrate Court of DeKalb County.

**SO ORDERED, REPORTED AND RECOMMENDED**, this 8th day of August, 2013.

/s/ *E. Clayton Scofield III*
E. CLAYTON SCOFIELD III
UNITED STATES MAGISTRATE JUDGE