**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

**DARETTA SOMERVILLE,**

    **Petitioner-Defendant,**

v.                                                                                      1:13-cv-2521-WSD

**JAMCO PROPERTIES, INC., d/b/a**
**The Village at Wesley Chapel,**

    **Respondent-Plaintiff.**

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge E. Clayton Scofield's Final Report and Recommendation ("R&R") [3].

This is a dispossessory proceeding originally filed in the Magistrate Court of DeKalb County, Georgia, that was removed to this Court by Petitioner Daretta Somerville ("Petitioner"), proceeding *pro se*. The Magistrate Judge granted, for the purpose of dismissal, Petitioner's request to proceed *in forma pauperis*, and recommended that this action be remanded to state court. The Court agrees that it does not have jurisdiction over this action. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

<u>Standard for Removal</u>

Under the removal statute "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant" to federal court.  28 U.S.C. 1441(a).  Removal generally is appropriate in three circumstances: (1) the parties are diverse and meet the statutory requirements for diversity jurisdiction; (2) the face of the complaint raises a federal question; or (3) the subject matter of a putative state-law claim has been totally subsumed by federal law such that the state-law claims are completely preempted.  <u>Lontz v. Tharp</u>, 413 F.3d 435, 439-40 (4th Cir. 2005).  The burden of showing that removal is proper is on the removing party.  <u>Williams v. Best Buy Co., Inc.</u>, 269 F.3d 1316, 1319 (11th Cir. 2001).  "[U]ncertainties are resolved in favor of remand."  <u>Burns v. Windsor Ins. Co.</u>, 31 F.3d 1092, 1095 (11th Cir. 1994).  "To determine whether the claim arises under federal law, [courts] examine the 'well pleaded' allegations of the complaint and ignore potential defenses: '[A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution.  It is not enough that the plaintiff alleges some anticipated defense to his cause of action and asserts that the defense is invalidated by some provision of the Constitution of the United States.'"  <u>Beneficial Nat'l Bank v. Anderson</u>, 539

U.S. 1, 6 (2003) (quoting <u>Louisville & Nashville R.R. Co. v. Mottley</u>, 211 U.S. 149, 152 (1908)); <u>see also</u> <u>Murphy v. Aventis Pasteur, Inc.</u>, 270 F. Supp. 2d 1368, 1373 (N.D. Ga. 2003) ("The court must look to the plaintiff's complaint to determine whether removal was appropriate."). Removal jurisdiction is appropriate only if Plaintiffs could have filed their original claims in federal court. <u>Caterpillar, Inc. v. Williams</u>, 482 U.S. 386, 392 (1987).

<u>Analysis</u>

The Court does not have federal subject-matter jurisdiction over this action. The action removed here is to dispossess Somerville from real property. Petitioner has not alleged that Respondent brought the action before the DeKalb County Magistrate Court based on a federal statute or some other federal claim. There also is no basis for federal diversity jurisdiction, including because Petitioner indicates on the civil cover sheet on this case that she a citizen of Georgia. <u>See</u> 28 U.S.C. § 1441(b) ("Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."). Because this Court lacks subject-matter jurisdiction, it is required to be remanded.

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge E. Clayton Scofield's Final Report and Recommendation [3] is **ADOPTED**.

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the Magistrate Court of DeKalb County, Georgia.

**SO ORDERED** this 26th day of September, 2013.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE